YEAGER v. HOUSTON & T. C. RY. CO.
(No. 6138.)

(Court of Civil Appeals of Texas. Austin. Jan. 21, 1920. Rehearing Denied Feb. 18, 1920.)

APPEAL AND ERROR ☞45—COURT OF CIVIL APPEALS WITHOUT JURISDICTION OF APPEAL INVOLVING LESS THAN $100 IN ABSENCE OF ALLEGATION OF TORTIOUS ACT.

The Court of Civil Appeals is without appellate jurisdiction of the appeal of plaintiff from an adverse judgment in his action against a railroad to recover less than $100, one-half of the fee paid an attorney in a personal injury case whom plaintiff had assisted, in the absence of allegation of unlawful or tortious act by defendant railroad.

Appeal from McLennan County Court; James P. Alexander, Judge.

Suit by James E. Yeager against the Houston & Texas Central Railway Company. From a judgment for defendant, plaintiff appeals. Appeal dismissed.

James E. Yeager, of Waco, in pro. per.
A. P. McCormick, of Waco, for appellee.

JENKINS, J. This suit was for the recovery of one-half of the amount of a fee collected by Hanson Womack as attorney for one Gardner. Gardner had a claim for damages

against appellee, which appellee settled for $875. Womack was entitled to and received from Gardner $87.50 for collecting same. Womack had agreed to divide his fee with appellant, for assisting him in the matter. This he failed to do. Appellant sued appellee for one-half of said $87.50, on the theory that it should not have paid same to Womack, but should have paid it to appellant.

In addition to seeking to recover one-half of $87.50, he alleged that, in settling with Womack, appellee conspired with him to beat appellant out of his fee, to appellant's damage in the sum of $100. No unlawful or tortious act on the part of appellee is alleged. Such being the case, this was a suit for an amount less than $100, for which reason this court is without appellate jurisdiction. Gibson v. Hotel, 198 S. W. 413.

For the reason stated, the appeal herein is dismissed.

Dismissed.